# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**TODD JASON TOLSON**                                                                   **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 4:19-CV-P101-JHM**

**DAVIESS COUNTY DETENTION CENTER**                                                     **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the complaint and amended complaint pursuant to 28 U.S.C. § 1915A and upon a motion for leave to file a second amended complaint. For the following reasons, the Court will dismiss some claims, deny Plaintiff's motion for leave to file a second amended complaint, and allow him the opportunity to amend his pleadings.

## I. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. The Complaint

Plaintiff is incarcerated at the Daviess County Detention Center (DCDC). In the complaint, he names DCDC as the sole Defendant. Plaintiff alleges that he fell over a mat due to the extreme overcrowding in his cell. He further alleges that, as a result of the fall, he was injured and taken to the hospital. Plaintiff states that he is now housed in an 18-man cell with 47 men which has only two showers and two toilets. As relief, Plaintiff seeks compensatory damages.

#### 1. The Eighth Amendment

The Eighth Amendment prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) 1987) (per curiam) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

##### a. Fall Due to Overcrowding

Plaintiff alleges that he fell because he tripped over a mat that was on the floor due to overcrowding in his cell. When alleging that his safety was endangered due to conditions of confinement, a plaintiff can successfully bring a § 1983 claim only by showing that the prison officials acted with "deliberate indifference" to inmate health or safety. *Farmer v. Brennan*,

511 U.S. 825, 828-29 (1994). Deliberate indifference is a higher standard than negligence, and it contains objective and subjective components. *Id.* at 834; *see also Richko v. Wayne Cty., Mich.*, 819 F.3d 907, 915 (6th Cir. 2016) (observing that deliberate-indifference claims require proof of objective and subjective components). The risk of harm to the prisoner caused by the conditions of confinement must have been, objectively, sufficiently serious to require constitutional protection. *Farmer*, 511 U.S. at 834; *see also Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 352 (6th Cir. 2001) ("To succeed on a conditions of confinement claim, a plaintiff must show . . . the deprivation alleged is, objectively, 'sufficiently serious.'" ). As for the subjective component, it requires Plaintiff to "show that (1) 'the official being sued subjectively perceived facts from which to infer a substantial risk to the prisoner,' (2) the official 'did in fact draw the inference,' and (3) the official 'then disregarded that risk.'" *Richko*, 819 F.3d at 915-16 (quoting *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014)).

Here, Plaintiff's allegations do not suggest that the risk he faced due to overcrowding was sufficiently serious. *See., e.g., Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012) (holding that "overcrowding is not, in itself, a constitutional violation"). Moreover, Plaintiff has not alleged facts that show that any jail official knew that Plaintiff's placement in an allegedly overcrowded cell put Plaintiff at risk of suffering serious harm and then failed to take reasonable measures to abate that risk. For these reasons, the Court concludes that Plaintiff has failed to state a claim based upon his fall. *See, e.g.*, *Lau v. Kekuaokalani*, No. 17-00258 JMS-KSC, 2017 U.S. Dist. LEXIS 116365 (D. Haw. July 25, 2017) (dismissing claim that plaintiff fell due to overcrowding in cell because failed to show defendant acted with deliberate indifference to plaintiff's safety); s*ee also Lamb v. Howe*, 677 F. App'x 204, 208 (6th Cir. 2017) (noting that "[m]ere negligence is not sufficient to violated the Eighth Amendment, [], and the federal courts

have nearly unanimously held that a "slip and fall, without more, does not amount to cruel and unusual punishment.") (collecting cases).

### b. Conditions of Confinement

Plaintiff alleges that he is now housed in an 18-man cell with 47 men which has only two showers and two toilets. Several courts have considered allegations similar to Plaintiff's and held that such conditions are not unconstitutional. *See, e.g.*, *Agramonte*, 491 F. App'x 557, 559-60 (holding allegations that the number of toilets, showers, wash basins, and showers had not increased with the increased population, and that there were lines to use the bathrooms and showers, failed to state an overcrowding claim because plaintiff failed to allege an unconstitutional denial of basic needs); *Bakke v. Clark Cty. Jail*, No. 3:15-CV-05713-BHS-DWC, 2015 U.S. Dist. LEXIS 158886, at *8 (W.D. Wash. Nov. 23, 2015) (dismissing claim based upon general allegation that overcrowding caused "unsanitary restrooms" because the plaintiff did not allege any specific facts showing that restrooms were not fit for "human habitation"); *Keeling v. Louisville Metro Corr. Dep't*, No. 314-CV-P697-DJH, 2015 U.S. Dist. LEXIS 69415, at *4-5 (W.D. Ky. May 29, 2015) (finding the plaintiff's allegations that the cell pods are crowded and that there was fighting over toiletries, soap, seating, and beds do not constitute deprivations of the minimal civilized measure of life's necessities and, therefore, failed to state a claim upon which relief may be granted).

Thus, because Plaintiff's allegations regarding the conditions of confinement in his cell do not rise to the level of a constitutional wrong, the Court will also dismiss this claim for failure to state a claim upon which relief may be granted.

## 2. Defendant DCDC

The Court next turns to the DCDC. As a municipal department, DCDC is not an entity subject to suit under § 1983. *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *5 (6th Cir. Nov. 6, 2000) (stating that a jail "is not an entity subject to suit under § 1983"); *Rhodes v. McDannel*, 945 F.2d 117 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). In this situation, it is Daviess County that is the proper Defendant. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (advising that since the county police department is not an entity which may be sued, the county is the proper party).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Here, the Court has found that Plaintiff's claims based upon overcrowding do not rise to the level of a constitutional violation. Thus, Plaintiff fails to state a claim against Daviess County based upon the above allegations and, as such, and the Court will terminate DCDC as a party to this action.

## B. The Amended Complaint

Plaintiff also filed a document titled "additional complaint/defendant," which the Court construes as an amended complaint (DN 7). In this document, Plaintiff states that a family court judge approved him for "work release" so that he could resume his child support payments, but that DCDC Jailer Art Maglinger refused his request for work release. Plaintiff states that Maglinger took this action in retaliation for Plaintiff filing the instant action.[1] Plaintiff further

---

[1] Plaintiff actually states that the basis for his claim against Maglinger and his refusal to place Plaintiff on work release is "discrimination," but his allegations make clear that he is attempting to state a claim for retaliation.

6

alleges that "the jail" has failed to respond to grievances he has filed. Plaintiff further states that Maglinger violated his rights when he shared his religious beliefs with Plaintiff.

### 1. Retaliation

With regard to Plaintiff's allegation that Maglinger retaliated against him for filing the instant action by refusing his request for "work release," the Court notes that although Plaintiff has attempted to add Maglinger as a defendant in this action through his amended complaint, he has nonetheless failed to indicate that he is suing Maglinger in his individual capacity. The Court, however, will allow Plaintiff the opportunity to amend his complaint to specifically name Maglinger as a Defendant and to specify that he is suing Maglinger in his individual capacity with regard to the retaliation claim. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]."

### 2. Grievances

With regard to Plaintiff's allegation that jail officials failed to respond to grievances he filed, the Sixth Circuit had held that there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). Thus, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### 3. Religious Expression

Finally, the Court turns to Plaintiff's allegation that Maglinger violated Plaintiff's constitutional rights when Maglinger shared his personal religious beliefs with Plaintiff. The Court finds that this allegation does not contain sufficient factual matter that, if accepted as true, states "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. at 678

(quoting *Twombly*, 550 U.S. at 570); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, (2002) (indicating that the short and plain statement of a claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Twombly*, 550 U.S. 544). Plaintiff's allegation is simply too vague and sparse to state a cause of action under any legal theory. Thus, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### C. Motion for Leave to File a Second Amended Complaint

Plaintiff filed another document titled "additional claim" (DN 9), which the Court construes as a motion for leave to file a second amended complaint. In this document, Plaintiff alleges that he is being denied medical care for the severe pain he suffers as a result of his fall because he was told to buy Tylenol for the pain from the commissary. Plaintiff states that his pain is so severe that sometimes he cannot put on his socks or lay on his back. He further writes, "My arms go numb, my neck is in pain 24/7." The Court construes this allegation as attempting to state an Eighth Amendment claim for deliberate indifference to a serious medical need. The Court will assume for purposes of this review that Plaintiff's severe pain and arm numbness constitute a sufficiently serious medical need. This allegation, however, fails to state a claim upon which relief may be granted because Plaintiff has failed to name as Defendant(s) the individual(s) who are allegedly denying him medical care for his serious medical need. Thus, the Court will deny the motion for leave to amend as futile.[2] However, the Court will provide Plaintiff an opportunity to identify and sue the officials responsible for the denial of medical care

---

[2] Despite the general rule of liberality with which leave to file amended complaints is to be granted under Fed. R. Civ. P. 15, when a proposed amended complaint would not survive a motion to dismiss, the court may properly deny the amendment as futile. *Neighborhood Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980); *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376 (6th Cir. 1993).

by naming them as Defendants and suing them in their individual capacities in a third amended complaint.

## III.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against the DCDC based upon his fall and the overcrowding of his cell, as well as his claims regarding jail officials' failure to respond to grievances and Maglinger's religious expression, are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  As such, the **Clerk of Court** is **DIRECTED** to **terminate DCDC as a party to this action**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file a second amended complaint (DN 9) is **DENIED** as futile.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file a third amended complaint in which he names Jailer Maglinger as a Defendant and sues him in his individual capacity regarding the retaliation claim and names as Defendants the individuals who are allegedly denying him medical care for his severe pain.  Plaintiff must sue these Defendants in their individual capacities and describe the actions each has allegedly taken to deny Plaintiff medical care.**

The **Clerk of Court** is **DIRECTED** to place this case number and word "Third Amended" on a § 1983 complaint form, along with four blank summons forms, and send them to Plaintiff for his use should he decide to file an amended complaint.

If Plaintiff fails to file an amended complaint within 30 days, **the Court will enter an Order dismissing this action for the reasons stated herein.**

Date: October 23, 2019

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendant
Daviess County Attorney
4414.011